**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PROSPERITY BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9106-WBV-MBN** |
| **TOM'S MARINE AND SALVAGE, LLC, ET AL.** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is an *Ex Parte* Motion for Sale of Seized Vessel, filed by plaintiff, Prosperity Bank.[1] The Motion is opposed,[2] and Prosperity Bank has filed a Reply.[3] After careful consideration of the Motion, the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Prosperity Bank, is a financial institution that loaned money to defendants, Tom's Welding, Inc. and Tom's Marine & Salvage, LLC. Prosperity Bank alleges that on December 12, 2015, Tom's Marine & Salvage, LLC and Tom's Welding, Inc. executed a Revolving Credit Promissory Note in the principal amount of $2,000,000.00, payable to Prosperity Bank on or before December 1, 2016.[4] On December 1, 2016, Tom's Marine & Salvage, LLC and Tom's Welding, Inc. executed a Modification and Amendment to Revolving Credit Promissory Note, which had an

---

[1] R. Doc. 43.
[2] R. Doc. 50.
[3] R. Doc. 52.
[4] R. Doc. 43-1 at ¶ I(A); R. Doc. 1 at ¶ 6. *See* R. Doc. 1-2.

outstanding balance of $1,980,000.00, extending the maturity date to June 30, 2017.[5] Tom's Investments, LLC and Khai Duc Dihn are listed as the guarantors.[6] Dihn also signed as the member of Tom's Marine & Salvage, LLC and the president of Tom's Welding, Inc.[7] On August 31, 2017, Tom's Marine & Salvage, LLC and Tom's Welding, Inc. executed a second Modification and Amendment to Revolving Credit Promissory Note, which had an outstanding balance of $1,980,000.00, extending the maturity date to March 31, 2018.[8] Tom's Investments, LLC and Khai Duc Dinh are again listed as the guarantors.[9]

To secure the payment of all sums due under the Promissory Note, Tom's Welding, Inc. executed three preferred ship mortgages dated December 12, 2015, which are secured by preferred mortgages on the vessels M/V MISS REBECCA, M/V MISS PAULA, and M/V FREEMONT.[10] Tom's Marine & Salvage, LLC also executed a preferred ship mortgage dated December 12, 2015, to secure the payment of all sums due under the Promissory Note, which is secured by a preferred mortgage on the vessel M/V MICHAEL T.[11] To further secure the payment of the Promissory Note, Tom's Welding, Inc. and Tom's Marine & Salvage, LLC executed a Security Agreement, dated December 12, 2015, granting the holder of the Promissory Note a

---

[5] R. Doc. 43-1 at ¶ I(B); R. Doc. 1 at ¶ 7; *See* R. Doc. 1-3.
[6] R. Doc. 1-3 at p. 2.
[7] *Id.*
[8] R. Doc. 43-1 at ¶ I(C); R. Doc. 1 at ¶ 8; *See* R. Doc. 1-4.
[9] R. Doc. 1-4 at p. 3.
[10] R. Doc. 43-1 at ¶¶ I(D)–I(I); R. Doc. 1 at ¶¶ 9-14; *See* R. Docs. 1-5, 1-6 and 1-7.
[11] R. Doc. 43-1 at ¶¶ I(J)-I(K); R. Doc. 1 at ¶¶ 15-16; *See* R. Doc. 1-8.

security interest in certain collateral described, including the vessels M/V MISS REBECCA, M/V MISS PAULA, M/V FREEMONT and M/V MICHAEL T.[12]

On October 2, 2018, Prosperity Bank filed a Complaint in this Court, seeking to enforce its first preferred ship mortgages over the four vessels, as well as the arrest of the vessels.[13] Pursuant to this Court's October 2, 2018 Order,[14] the United States Marshal for the Eastern District of Louisiana arrested the four vessels on November 5, 2018.[15] Upon motion by Prosperity Bank, the Court also appointed Allied Shipyard, Inc. as substitute custodian of the four vessels.[16] Prosperity Bank asserts that Allied Shipyard, Inc. continues to accrue monthly custodial fees with a daily rate of $25.00.[17]

On May 6, 2019, Prosperity Bank filed its first *Ex Parte* Motion for Interlocutory Sale of Seized Vessel, seeking an interlocutory sale of the four vessels pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.[18] Defendants opposed the Motion,[19] and Prosperity Bank filed a Reply.[20] Based on the Court's discussion with counsel during a July 30, 2019 status conference, however, the Court set an October 9, 2019 status

---

[12] R. Doc. 43-1 at ¶ I(N); R. Doc. 1 at ¶ 19; *See* R. Doc. 1-9.
[13] R. Doc. 1.
[14] R. Doc. 6.
[15] R. Docs. 14, 15, 16, 17.
[16] R. Docs. 3, 6.
[17] R. Doc. 43-1 at p. 6; *See* R. Docs. 3, 6.
[18] R. Doc. 30.
[19] R. Doc. 32.
[20] R. Doc. 33.

conference and denied the Motion without prejudice to Prosperity Bank re-filing the Motion after the conference.[21]

Pursuant to the Court's instruction, Prosperity Bank re-filed its Motion on October 10, 2019, which is the matter currently before the Court.[22] Prosperity Bank asserts that the four vessels at issue were seized by the United States Marshal on November 5, 2018, and that it provided notice of this lawsuit and the impending vessel arrests to the vessel owners, Tom's Marine & Salvage, LLC and Tom's Welding, Inc., and to the guarantors, Tom's Investments, LLC and Khai Duc Dihn. Prosperity Bank claims that the vessel owners and guarantors have filed an Answer to the Complaint, but they have not made any indication that they intend to post security for the release of the vessels or asserted any defenses to the claims asserted by Prosperity Bank in its Complaint.[23] Prosperity Bank asserts that under Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, an interlocutory sale is permissible where any of the following circumstances are met: (1) the arrested property is liable to deterioration, decay or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or disproportionate; or (3) there is an unreasonable delay in securing release of the property.[24]

---

[21] R. Doc. 41.
[22] R. Doc. 43-1.
[23] *Id.* at pp. 6-7.
[24] *Id.* at p. 7 (*quoting* Fed. R. Civ. P. Supp. AMC Rule E(9); citing *Merchants Nat'l Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981)).

Prosperity Bank argues that the first and third circumstances warrant an interlocutory sale in this case. Specifically, Prosperity Bank contends that the vessels are subject to deterioration and decay because they are currently under seizure and earning no revenue, they are not being actively maintained, they are not crewed, and the continued arrest of the vessels exposes them to risks of loss or other hazards every day.[25] Prosperity Bank further asserts that there has been an unreasonable delay in securing the release of the property, emphasizing that the vessels were seized over 11 months prior to the filing of the instant Motion.[26] Prosperity Bank argues that courts have held that a lapse of two months or more in securing the release of a vessel after its arrest constitutes an unreasonable delay.[27] Prosperity Bank points out that courts have found a delay reasonable only when the delay was very brief and when the shipowner demonstrated active efforts to secure the release of the vessel.[28] Prosperity Bank argues that there has been an unreasonable delay in this case because the vessels have sat idle for 11 months without any attempt by their owners to secure their release by posting security, accruing custodial costs of $25.00 per day

---

[25] R. Doc. 43-1 at p. 8.
[26] *Id.* The Court notes that as of the date of this Order, the vessels were seized over fourteen months ago.
[27] *Id.* (citing *Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd.*, Civ. A. No. 97-3828, 1998 WL 128993, at *6 (E.D. La. Mar. 20, 1998) (finding a delay of three and a half months unreasonable); *Silver Star Enters., Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994) (finding a delay of seven months unreasonable); *Merchants Nat'l Bank of Mobile*, 663 F.2d at 1342 (finding a delay of eight months unreasonable); *Bollinger Quick Repair, LLC v. Le Pelican MV,* Civ. A. No. 00-308, 2000 WL 798497, at *2 (E.D. La. June 20, 2000) (finding delay of four months unreasonable)).
[28] R. Doc. 43-1 at pp. 8-9 (citing *Action Marine, Inc. v. M/V NORSEMAN*, Civ. A. No. 96-3945, 1997 WL 222412, at *1 (E.D. La. Apr. 28, 1997) (finding five-month delay reasonable when parties were actively attempting to resolve the terms of the vessel's release); *Entron, Ltd. v. Crane Vessel Titan 2*, Civ. A. Nos. 95-817, 95-838, 1995 WL 258310, at *3 (E.D. La. Apr. 27, 1995) (finding one-month delay reasonable where shipowner provided affidavit stating it had already obtained a letter of intent to refinance its debts and specifying a date by which owner expected to secure vessel's release)).

that, as of the date of the Motion, totaled $31,000.00.[29] Prosperity Bank claims that the continued arrest of the vehicles is serving no useful purpose and that the vessel owners have had more than sufficient time to attempt to secure the release of the vessels.[30]

Tom's Welding, Inc., Tom's Marine & Salvage, LLC, Tom's Investments, LLC and Khai Duc Dinh (collectively, "Defendants"), assert that the Motion should be denied because Prosperity Bank's pleading is unsupported by competent evidence necessary to establish that an interlocutory sale of the vessels is warranted.[31] Defendants assert that Prosperity Bank has failed to adduce specific facts supported by evidence showing that the continued arrest of the vessels exposes them to substantial risk of deterioration, decay or injury, such as the conditions at the site where the vessels are being kept and whether such conditions present a material risk to the vessels. Defendants also claim that Prosperity Bank has not presented specific facts showing that the vessels are susceptible to particular risks of harm on account of defects in the vessels themselves, or quantifying the effect of on the vessels of not being actively maintained.[32]

Defendants further assert that their delay in securing the release of the vessels is reasonable because they are actively pursuing courses of action designed to generate income sufficient to secure the release of the vessels.[33] Relying on some of

---

[29] R. Doc. 43-1 at p. 9.
[30] *Id.*
[31] R. Doc. 50 at p. 3.
[32] *Id.* at p. 4.
[33] *Id.* at pp. 4-5.

the same cases cited by Prosperity Bank,[34] Defendants assert that, prior to Prosperity Bank instituting this action, Defendants attempted to reach an agreement with Prosperity Bank that would have made the seizure and sale of the vessels unnecessary. Although the parties were unable to reach an agreement, Defendants remain willing to negotiate with Prosperity Bank to reach an agreement for the release of the vessels, precluding the forced sale now sought.[35] Defendants further assert that they continue to market their assets and seek potential purchasers for those assets to generate revenue sufficient to settle their claims with Prosperity Bank, which would render the instant Motion moot. Defendants claim that some of the actions taken to refinance their debts through an asset sale are described in the Affidavit From Frederick J. Rambeau, III, an investment advisor whom Defendants retained to market and sell their assets, which was previously submitted in support of Defendants' opposition to Prosperity Bank's original motion for interlocutory sale of the vessels.[36] Defendants assert that the Affidavit explains that they received significant interest from a viable third-party purchaser for the purchase of Defendants' assets, and that although they have not yet been able to consummate a sale, they have continued in earnest to market and sell their assets to secure the release of the vessels.[37] Defendants claim that they need additional time to engage in ongoing good faith efforts to consummate the sale of their assets, and that

---

[34] *Id.* (citing *Boland Marine & Mfg. Co., LLC v. M/V A.G. NAVAJO, In Rem*, Civ. A. No. 02-0658, 2002 WL 31654856, at *2; *Action Marine, Inc.*, Civ. A. No. 96-3945, 1997 WL 222412, at *1; *Entron, Ltd.*, Civ. A. Nos. 95-817, 95-838, 1995 WL 258310, at *3 (E.D. La. Apr. 27, 1995)).
[35] R. Doc. 50 at p. 5.
[36] R. Doc. 50 at pp. 5-6; *See* R. Docs. 30, 32, 32-1.
[37] R. Doc. 50 at p. 6.

Prosperity Bank's request for an interlocutory sale is premature and would hinder Defendants' ability to complete the sale of their assets.[38]

In reply, Prosperity Bank maintains that an interlocutory sale is warranted because all three of the criteria set forth in Rule E(9)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure are met.[39] Prosperity Bank reasserts that the four vessels are subject to deterioration and decay while they sit idle, specifying that the M/V FREEMONT and the M/V MICHAEL T. are both docked by the United States Coast Guard because they are considered to be inoperable with numerous health and safety issues.[40] Prosperity Bank claims that both vessels are in a hazardous condition and unsafe to operate because the M/V FREEMONT has a crack in its starboard propeller and the single engine of the M/V MICHAEL T. has seized.[41] Prosperity Bank reasserts that the vessels are deteriorating in value while they are docked with the Court-appointed custodian because no maintenance is being conducted and there are no crews aboard the vessels.[42] For the first time, however, Prosperity Bank asserts that the expense of keeping the property is excessive or disproportionate because the vessels have sat idle for over 11 months and have accrued custodial costs of $20,400.00.[43] Finally, Prosperity Bank maintains that there has been an unreasonable delay in securing

---

[38] *Id.*
[39] R. Doc. 52.
[40] *Id.* at ¶ 5.
[41] *Id.* at ¶¶ 6, 7.
[42] *Id.* at ¶ 8.
[43] *Id.* at ¶ 10.

release of the vessels, which were arrested over 11 months ago without any attempt by their owners to secure their release.[44]

## II. LEGAL STANDARD

Under Rule E(9)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, interlocutory sale of a vessel is permitted upon application of a party, the marshal, or other person having custody of the property if: (1) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or disproportionate; or (3) there is an unreasonable delay in securing release of the property.[45] The Fifth Circuit has held that lienors need only show one of the three criteria are met in order to prevail.[46] Supplemental Admiralty Rule E(9)(a)(ii) further provides that if these circumstances are met, the court, on motion by a defendant or a person filing a statement of interest or right under Supplemental Admiralty Rule C(6), may order that the property, rather than being sold, be delivered to the movant upon giving security under these rules.[47]

## III. ANALYSIS

The Court finds that an interlocutory sale is appropriate under Supplemental Admiralty Rule E(9) because there has been an unreasonable delay in securing

---

[44] *Id.* at ¶ 12.
[45] 28 U.S.C. S.R. E(9)(a)(i).
[46] *Merchants Nat'l Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981); *See Boland Marine & Mfg. Co., LLC v. M/V A.G. NAVAJO, In Rem*, Civ. A. No. 02-0658, 2002 WL 31654856, at *2 (E.D. La. Nov. 22, 2002) (citing *Merchants Nat'l Bank of Mobile*, 663 F.3d at 1341).
[47] 28 U.S.C. S.R. E(9)(a)(i).

release of the property. Prosperity Bank filed the instant Motion for Interlocutory Sale of Seized Vessel about 11 months after the four vessels were arrested. As of the date of this Order, the four vessels have been arrested for more than 14 months, and their owners have not attempted to post security. Courts have held that just a three- or four-month delay constitutes an unreasonable delay.[48] Although Defendants claim that they have been attempting to sell assets to generate revenue sufficient to settle their claims with Prosperity Bank, this Court has repeatedly rejected similar arguments.[49] As Prosperity Bank aptly points out, this Court has upheld such an argument only when the delay was one month and the shipowner provided an affidavit stating it had already obtained a letter of intent to refinance its debts and specifying a date for the vessel's release.[50] While Defendants claim that the Affidavit From Frederick J. Rambeau, III, submitted with a prior pleading, shows their earnest attempts to sell their assets, the Court notes that the Affidavit is dated May 14,

---

[48] *See Essex Crane Rental Corp. v. DB Crossmar 14*, Civ. A. No. 16-8146, 2016 WL 5869790, at *5 (E.D. La. Oct. 17, 2016) (finding four-month delay unreasonable); *Boland Marine*, Civ. A. No. 02-0658, 2002 WL 31654856, at *2 (finding a four-month delay unreasonable); *Bollinger Quick Repair, LLC v. Le Pelican MV,* Civ. A. No. 00-308, 2000 WL 798497, at *2 (E.D. La. June 20, 2000) (finding delay of four months unreasonable); *Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd.*, Civ. A. No. 97-3828, 1998 WL 128993, at *6 (E.D. La. Mar. 20, 1998) (finding a delay of three and a half months unreasonable). *See also Silver Star Enters., Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994) (finding a delay of seven months unreasonable); *Merchants Nat'l Bank of Mobile*, 663 F.2d at 1342 (finding a delay of eight months unreasonable).
[48] R. Doc. 43-1 at pp. 8-9 (citing *Action Marine, Inc. v. M/V NORSEMAN*, Civ. A. No. 96-3945, 1997 WL 222412, at *1 (E.D. La. Apr. 28, 1997) (finding five-month delay reasonable when parties were actively attempting to resolve the terms of the vessel's release); *Entron, Ltd. v. Crane Vessel Titan 2*, Civ. A. Nos. 95-817, 95-838, 1995 WL 258310, at *3 (E.D. La. Apr. 27, 1995) (finding one-month delay reasonable where shipowner provided affidavit stating it had already obtained a letter of intent to refinance its debts and specifying a date by which owner expected to secure vessel's release)).
[49] *See Boland Marine*, Civ. A. No. 02-0658, 2002 WL 31654856, at *5 (citing *Bollinger Quick Repair, LLC,* Civ. A. No. 00-308, 2000 WL 798497, at *8-9 (rejecting defendant's argument that its four-month delay was not unreasonable because it had been seeking buyers for the vessel).
[50] *See Boland Marine*, Civ. A. No. 02-0658, 2002 WL 31654856, at *5 (citing *Entron, Ltd. v. Crane Vessel Titan 2*, Civ. A. Nos. 95-817, 95-838, 1995 WL 258310, at *8-9 (E.D. La. Apr. 27, 1995)).

2019.[51] Defendants have provided no supporting information regarding their efforts to sell their assets or to secure buyers for the vessels during the six-month period between May 14, 2019, and the filing of their opposition brief on November 25, 2019.

Accordingly, the Court finds that Defendants unreasonably delayed in not securing the release of the M/V MISS REBECCA, M/V MISS PAULA, M/V FREEMONT and M/V MICHAEL T. Because Prosperity Bank need only prove one criterion under Rule E(9)(a) to establish that an interlocutory sale of the four vessels is warranted,[52] the Court does not address Prosperity Bank's additional arguments regarding deterioration and excessive or disproportionate expense.

IV. CONCLUSION

**IT IS HEREBY ORDERED** that the *Ex Parte* Motion for Sale of Seized Vessel[53] is **GRANTED** and the United States Marshals Service is directed to sell the M/V MISS REBECCA, bearing Official No. 299935, the M/V MISS PAULA, bearing Official No. 525906, the M/V FREEMONT, bearing Official No. 566070, and the M/V MICHAEL T., bearing Official No. 261328 (the "Vessels"), to the highest bidder at public auction pursuant to this *in rem* decree, with minimum bid increments of $10,000.00.

---

[51] R. Doc. 50 at ¶¶ 20, 21 (*citing* R. Doc. 32-1).
[52] *Merchants Nat'l Bank of Mobile v. Dredge GENERAL G.L. GILLESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981); *See Boland Marine & Mfg. Co., LLC v. M/V A.G. NAVAJO, In Rem*, Civ. A. No. 02-0658, 2002 WL 31654856, at *2 (E.D. La. Nov. 22, 2002) (citing *Merchants Nat'l Bank of Mobile*, 663 F.3d at 1341).
[53] R. Doc. 43.

**IT IS FURTHER ORDERED** that the auction will be held on **March 3, 2020, at 10:00 a.m**. in the lobby of the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana.

**IT IS FURTHER ORDERED** that Prosperity Bank will advertise the auction in the New Orleans Advocate Times-Picayune in accordance with the current Local Rules of this Court. Prosperity Bank may advertise the auction in additional publication if it wishes to do so. The costs of advertisement and an affidavit of publication will constitute taxable costs in this action.

**IT IS FURTHER ORDERED** that the auction will be conducted in accordance with Local Admiralty Rule 64.6, which is incorporated by reference into this Order. In the event of default by the highest bidder in consummating the purchase, the deposit will be forfeited and placed into the Registry of the Court pending further order of the Court.

**IT IS FURTHER ORDERED** that Prosperity Bank, as holder of four Preferred Ship Mortgages over the Vessels, is allowed to credit bid up to and including the combined sum of $1,980,000.00 at the auction described herein.

**IT IS FURTHER ORDERED** that the Vessels will be sold "as is, where is," and free and clear of all liens, encumbrances, and pre-existing claims on the Vessels, whether recorded or not.

**IT IS FURTHER ORDERED** that anyone wishing to inspect the Vessels must first present himself or herself, along with photo identification, to the office of the United States Marshals Service, 500 Poydras Street, New Orleans, Louisiana,

and/or the Substitute Custodian. The Vessels presently lie afloat at 310 Ledet Lane, Larose, Louisiana 70373.

**IT IS FURTHER ORDERED** that all expenses of maintenance, preservation, insurance, publications, and any other expenses necessarily incurred by the United States Marshal, Prosperity Bank, and other parties funding the United States Marshal's costs with respect to the Vessels during the period of arrest shall be expenses of the sale which shall be taxed as costs of *custodia legis* against the proceeds of the sale.

**IT IS FURTHER ORDERED** that the proceeds of the sale will remain in the Registry of the Court in an interest bearing account pending further order of the Court.

**IT IS FURTHER ORDERED** Prosperity Bank reserves any and all of its rights to any deficiency balance due hereinafter.

**IT IS FURTHER ORDERED** that the Defendants reserve all rights, defenses and claims and that Defendants have no opposition to the sale subject to such reservation.

New Orleans, Louisiana, February 18, 2020.

_____
**WENDY B. VITTER**
**United States District Judge**