UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PROSPERITY BANK                                                CIVIL ACTION

VERSUS                                                         NUMBER: 18-9106

TOM'S MARINE & SALVAGE, LLC, ET AL.                            SECTION: "D"(5)

### REPORT AND RECOMMENDATION

The District Judge has referred to me the Plaintiff's "Motion to Set Amount of Attorney's Fees and Costs." (Rec. doc. 85). Defendants have opposed that motion, to an extent. (Rec. doc. 89). Plaintiff did not file a reply brief to address the limited objections raised by Defendants to the motion. Having reviewed the briefs and exhibits filed by the parties, the Court recommends the following.

Plaintiff filed a motion with exhibits supporting its claim for attorneys' fees and costs totaling $71,373.76. (Rec. doc. 85-1 at p. 1). This figure is broken down as follows: (1) $57,159.95 in fees for the Cohn Law Firm, (2) $12,927.00 in fees for Jones Walker, and (3) $1,286.81 in costs. (*Id.* at 7-8). In their opposition memorandum, Defendants argue only that certain entries on the time sheets of Plaintiff's two law firms constitute impermissible "block billing." (Rec. doc. 89). They do not complain of counsel's hourly rates or about the total amount billed to the case generally. Accordingly, I have limited my review of Plaintiff's submission to determining whether counsel block-billed and, if so, to what extent.

Having reviewed everything submitted by the parties, I agree with Defendants that the entries they have identified as block-billed are accurately described as such. I arrive at this conclusion after some difficulty, however, which will ultimately impact my recommendation, as explained below.

Defendants made some effort to point out that both of Plaintiff's law firms block billed in the case, but the manner in which they attempted to do so was flawed and caused the Court to spend far more time on this decision than should have been necessary.

First, I note that Defendants' opposition memorandum is only 11 pages long; six of those pages contain "charts" created by counsel, one of which is incorrect. As for the Cohn Law Firm fee claim, Defendants include a chart containing what they say are entries that "do not qualify as block billing. . . . " (Rec. doc. 89). But they do not bother to do the math or to tell the Court what they believe that math reveals the true claim to be worth – that calculation is apparently left to us. Leaving it to a judge to undertake such mathematical calculations is just not a good plan.

At least the defendants' Cohn Law Firm charts appear correct. The Jones Walker chart seems completely wrong. After a thorough review (which should have been unnecessary), the latter chart – which purports to set out <u>acceptable</u> charges – actually lists all the fees that counsel believes were block-billed, *i.e.*, those that are <u>unacceptable</u> charges. Defendants' brief says "[a]ll of Jones Walker's time entries show block billing other than those identified in the following chart. . . . " (*Id.*). The problem is, the "following chart," upon review, is very obviously a chart of the entries that Defendants believe were, in fact, block-billed. I have gone through these bills three times now and there is simply no possibility that this conclusion is wrong.

Which brings us to a result. While I agree that we see a substantial amount of block billing across the case, and while I agree that the defendants' identification of those instances is generally accurate and fair (correcting for the obvious mistake as to the Jones Walker fees), here is what I believe is the fair and reasonable result.

As to the Cohn Law Firm fees, Defendants agree in brief that $11,431.95 are fairly earned. They identify $45,728.00 they believe are block-billed. I agree.[1] What I do not agree with is Defendants' suggestion that this amount should be reduced by 25 percent as a penalty for block billing. (Rec. doc. 89 at p. 10). One might argue that a reduction of that size might be appropriate, but that one will not be me, who had to put on his "green eye shade"[2] to do all this unnecessary work because Defendants would not be troubled to do that work, when it is their money at stake. I will reduce these claims by 20 percent rather than the requested 25 percent.

For the same reasons, while (it appears) I agree with Defendants' views on the block billing on the Jones Walker invoices,[3] I cannot discount those invoices by 25 percent, because I've had to waste so much time trying to figure out what the defendants' actual position was on a real monetary figure they would find acceptable.

Here are the numbers:

- Cohn Law Firm fees:
    - $11,431.95 uncontroverted
    - $45,728 remaining reduced by 20% = $36,582.40
    - Total due on Cohn Firm's account = $48,014.35
- Jones Walker fees:
    - $6,618 uncontroverted

---

[1] The Cohn Law Firm concedes that their time-keeping methods are consistent with the generally accepted concept of block billing: "Consistent with typical billing practices of The Cohn Law Firm, each attorney and time-keeper who worked on the case listed all tasks done in a single day in a single time entry." (Rec. doc. 85).
[2] *See Goodyear Tire & Rubber Co. v. Haeger*, ___ U.S. ___, ___ 137 S. Ct. 1178, 1187 (2017) (trial courts "'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is.)'" (quoting *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 2216 (2014)).
[3] I think I agree because I think their chart was wrong in the particulars mentioned earlier.

3

- - $6,309 remaining reduced by 20% = $5,047.20
  - Total due on Jones Walker's account = $11,665.20
- Costs – undisputed at $1,286.81.

Accordingly, it is my recommendation that Defendants in this matter be ordered to pay Plaintiff a total of $60,966.36 in fees and costs consistent with this opinion.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Motion to Set Amount of Attorney's Fees and Costs be granted in part, awarding it $60,966.36.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this  25th  day of    October   , 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4