**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PROSPERITY BANK**                           **CIVIL ACTION**

**VERSUS**                                    **NO:  18-9106-WBV-MBN**

**TOM'S MARINE & SALVAGE, LLC, ET AL.**       **SECTION:  "D"(5)**

**ORDER**

The Court, having considered Plaintiff's Motion to Set Amount of Attorney's Fees and Costs,[1] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[2] and the failure of the parties to file any objections to the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it, as modified, as its opinion herein.

While the Court completely agrees with the Magistrate Judge's analysis, the Court modifies the award of attorney's fees and costs awarded to Prosperity Bank based upon the consent of the parties, as communicated to the Court via email on November 6, 2020.  According to that email communication, which was sent after the Magistrate Judge issued his Report and Recommendation on October 30, 2020, the parties have agreed that Tom's Marine & Salvage, LLC, Tom's Welding, Inc., Tom's Investment and Khai Duc Dihn (collectively, "Defendants") shall pay Prosperity Bank $71,373.76, in attorney's fees and costs, in return for Prosperity Bank not recording the final judgment in this case for 60 days.  The Court notes that the amount of attorney's fees and costs to which the parties have agreed is the same amount

---

[1] R. Doc. 85.
[2] R. Doc. 91.

requested by Prosperity Bank in the instant Motion.[3]  The Court further notes that Defendants filed an 11-page Opposition brief to that Motion, which, as the Magistrate Judge observed, was "flawed and caused the Court to spend far more time on this decision than should have been necessary."[4]  Such flaws forced the Magistrate Judge to "put on his 'green eye shade' to do all this unnecessary work because Defendants would not be troubled to do that work, when it is their money at stake."[5]

The Court finds that, not only have the parties wasted judicial resources, they also caused a three-month delay in the issuance of a final judgment in this case. Nonetheless, because the parties have reached an agreement regarding the attorney's fees and costs, the Court adopts the Magistrate Judge's Report and Recommendation, as modified, to reflect the consent agreement reached by the parties.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Set Amount of Attorney's Fees and Costs is **GRANTED,** and Prosperity Bank is awarded $71,373.76 in attorney's fees and costs.

New Orleans, Louisiana, November 17, 2020.

_____

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

 cc: Magistrate Judge North

---

[3] R. Doc. 85 at p. 1.
[4] R. Doc. 91 at p. 2.
[5] *Id.* at p. 3 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1187, 197 L.Ed.2d 585 (2017) ("But as we stressed in *Fox*, trial courts undertaking that task 'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is).").